**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

JOHN W. LINDSEY,

    Petitioner,

v.                                                           **Civil Action No. 5:11-CV-155**
                                                                 **(Bailey)**

KUMA DEBOO,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Doc. 23]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on March 28, 2012 [Doc. 23]. In that filing, the magistrate judge recommended that this Court grant the respondent's Motion to Dismiss or in the Alternative, for Summary Judgment [Doc. 18] and dismiss the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] with prejudice [Doc. 23 at 8].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Although the signed return receipt does not contain a date, it was returned to the Court and docketed by April 3, 2012 [Doc. 25]; accordingly, this Court will liberally construe the date of receipt to be April 3, 2012. The petitioner timely filed his objections on April 9, 2012 [Doc. 26]. The petitioner then filed a supplement to his objections on April 27, 2012; although this document was filed after the fourteen-day deadline, this Court will consider all objections filed by the petitioner. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

The petitioner was arrested on August 27, 1992, for state charges of possessing various illegal and controlled substances; he was released on bond on September 1, 1992 [*See* Doc. 19-1 at 4]. On May 27, 1994, the petitioner was arrested by the Granite City Police Department in Illinois for state drug and sexual assault charges [Doc. 19-1 at 1]. On June 13, 1994, the petitioner was sentenced by the state court to a term of imprisonment of seven years [*Id.*]. The petitioner was released by the Madison County Sheriff's Department to the Illinois Department of Corrections on July 7, 1994 [*Id.*].

The petitioner was later brought before the Unites States District Court for the Southern District of Illinois ("Southern District of Illinois ") pursuant to a writ of habeas corpus *ad prosequendum* in Case Number 3:94-CR-30064-007 [*Id.* at 2]. After being convicted at trial, the petitioner was sentenced on April 26, 1996; he was given concurrent

terms of imprisonment of 360 months for Count 1 and 120 months for Count 21; in addition, the petitioner was sentenced to a 60-month term of imprisonment for Count 16 to run consecutively to the terms of imprisonment for Counts 1 and 21 [*Id.* at 9]. In its judgment order, the Southern District of Illinois recommended that the federal sentence run concurrently with his state sentence [*Id.*]. After sentencing, the petitioner was returned to the state authorities [*Id.* at 2]. When the petitioner completed his state sentence, he was returned to the custody of the Federal Bureau of Prisons on September 8, 1997, to serve the remainder of his federal sentence at a federal facility [*Id.* at 2 and 9].

The petitioner filed an appeal of his federal convictions with the Seventh Circuit Court of Appeals ("Seventh Circuit"). See **United States v. Lindsey**, 123 F.3d 978 (7th Cir. 1997). On August 22, 1997, the Seventh Circuit affirmed the convictions on Count 1 and Count 21 and reversed the conviction on Count 16, remanding for a new trial as to this count. *Id.* at 980-82. On remand, Count 16 was dismissed and the petitioner's sentence was reduced to the concurrent terms of imprisonment of 360 months for Count 1 and 120 months for Count 21 [Doc. 19-1 at 15-16]. The petitioner received credit toward his federal sentence from May 27, 1994, through June 12, 1994, to reflect the time the petitioner spent in jail from the date of his arrest on the state drug and sexual assault charges to the day before the imposition of his state sentence [*Id.* at 2].[1] Based upon the sentences imposed and the credit given to the petitioner, the projected date of completion of petitioner's federal sentences is June 20, 2022 [*Id.*].

On November 1, 2011, the petitioner filed an Application for Habeas Corpus

---

[1]This credit is referred to as **Willis** credit, referring to **Willis v. United States**, 438 F.2d 923 (5th Cir. 1971).

3

Pursuant to 28 U.S.C. § 2241, challenging the computation of his federal sentence [Doc. 1]. The petitioner states that the "Federal Bureau of Prisons unlawfully denied credit for time served in a state prison after . . . Judge William D. Stiehl [o]rdered [his] undischarged term of State of Illinois [Department] of Correction [*sic*] time be run concurrent [*sic*] with [his] Federal time in accordance with U.S.S.G. § 5G1.3(b)" [*Id.* at 4]. The petitioner requested this Court to "[c]orrect the . . . time . . . and/or to remand . . . to the [United States] District Court of Illinois with instructions to correct the error" [*Id.* at 7]. On March 7, 2012, the respondent filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment [Doc. 18]. In the motion to dismiss, the respondent argued that (1) petitioner's federal sentence commenced on April 24, 1996, and (2) the prior custody credit was appropriately calculated [Doc. 19 at 6-9]. In response, the petitioner argues that the respondent's motion fails to address the petitioner's claim [Doc. 22].

On March 28, 2012, the magistrate judge issued his R&R, stating that the petitioner is not entitled to any further credit on his federal sentence because "any additional credit for time spent serving his state sentence before his federal sentence was imposed . . . would award impermissible double credit" [Doc. 23 at 8]. Accordingly, the magistrate judge recommended that this Court grant the respondent's Motion to Dismiss Or, in the Alternative, for Summary Judgment and dismiss with prejudice the petitioner's section 2241 petition [*Id.*].

The petitioner filed timely objections to the R&R on April 9, 2012 [Doc. 26]. In his objections, the petitioner contended that he should receive credit for one week spent in jail, beginning on August 27, 1992, because the state and federal cases should be considered the same [*Id.* at 2]. The respondent filed a response on April 12, 2012, stating that the

4

petitioner is not entitled to have credit for this time period because it "was not time spent in custody as a result of the offense for which his federal sentence was imposed" [Doc. 27 at 2]. Petitioner filed a reply, arguing that the "state and federal should be considered one and the same" based upon the sentencing judge's statement "that the state case was part of the federal case" [Doc. 28 at 1-2]. Additionally, the petitioner argues that he should also receive credit for time served since June 7, 1994, because that is the date that he entered his guilty plea to the 1992 state drug charge [Doc. 28 at 2].

## II. Applicable Law

### A. Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim" to survive a motion to dismiss for failure to state a claim. **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003)(citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); see also **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). In so doing, the complaint must meet a "plausibility" standard such that the "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 663 (2009) (relying on **Twombly**, 550 U.S. at 556).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir.

5

1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke****,* 63 F.3d 1305, 1312 (4th Cir. 1995)(*relying on* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357*)(*3d ed. 2004).

### B. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* FED. R. CIV. P. 56. The Supreme Court of the United States and the Fourth Circuit Court of Appeals ("Fourth Circuit") have recognized the application of Rule 56 in habeas cases. *See* ***Blackledge v. Allison***, 431 U.S. 63, 80-81 (1977); and ***Maynard v. Dixon***, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its

6

burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

### C. Federal Sentence

A federal sentence of imprisonment generally commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." **United States v. Evans**, 159 F.3d 908, 911-12 (4th Cir. 1998) (citing **Barden v. Keohane**, 921 F.2d 476, 481-82 (3d Cir. 1990); and 18 U.S.C. § 3621(b)).

However, a federal sentence cannot begin prior to the date of imposition. **United States v. McLean**, 867 F.2d 609, *1 (4th Cir. 1989)(*unpublished*). Furthermore, a defendant's sentence does not begin to run when he is present in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. See **Evans**, 159 F.3d at 912 (stating that the state "retains primary jurisdiction" over a prisoner in state custody who is present in federal court pursuant to such a writ); *see also* **Thomas v. Whalen**, 962 F.2d 358, 361 at n.3 (4th Cir. 1992)(stating that "[a] prisoner is not even in custody for purposes of [commencing a federal sentence] when he appears in federal court pursuant to a writ *ad*

*prosequendum*; he is merely 'on loan' to federal authorities.").

The Bureau of Prisons is responsible for computing federal terms of imprisonment. *See **Unites States v. Wilson***, 503 U.S. 329 (1992). Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," provided that time has not been credited against another sentence. The Supreme Court of the United States has ruled that, with this language, "Congress made clear that a defendant could not receive a double credit for his detention time." ***Wilson***, 503 U.S. at 337; *see also **United States v. Brown***, 977 F.2d 574, *1 (4th Cir. 1992)(*unpublished*).

However, there is an exception to this rule where state and federal sentences run concurrently. *See **Willis v. United States***, 438 F.2d 923 (5th Cir. 1971). Accordingly, under certain circumstances, a prisoner can be entitled to prior custody credit toward a federal sentence for the pre-sentence time in custody with regard to the federal offense; however, a defendant cannot receive credit for time spent serving his state sentence before his federal sentence was imposed. *See **Willis***, 438 F.2d at 925.

### III. Discussion

In the R&R, the magistrate judge concluded that the petitioner was correctly given pre-sentence time credit from May 27, 1994, the date of his arrest on these state charges, through June 12, 1994, the day before his state sentence commenced [Doc. 23 at 8] because this time was not credited to his state sentence. The magistrate judge further

concluded that the petitioner "is not entitled to any further credit on his federal sentence, because *Willis* does not provide for the application of prior custody credit once any other sentence commences" [*Id.*]. The petitioner is not clear regarding the time periods for which he claims he was not given proper credit. In his complaint, the petitioner merely states that he did not receive the proper credit [Doc. 6]. In another document, he states that he should have received credit towards his federal sentence beginning on May 27, 1994 [*See* Doc. 16 at 1]. In his various objections, the petitioner states that he should have received credit from August 27, 1992, to September 1, 1992, and starting again on June 7, 1994, the date on which he entered a guilty plea for state charges [*See* Docs. 26 and 28]. As such, rather than try to interpret the petitioner's conflicting time periods, this Court will determine whether the proper credit was awarded to the petitioner's federal sentence.

Petitioner's Objections

In his objections, the petitioner argues that the magistrate judge's R&R contained a "misconception" regarding the underlying state offense that related to his federal offense, thereby leading to an error in his *Willis* credit [*See* Doc. 26 (discussing the "case of primary jurisdiction")]. The petitioner states that "the state case became part of the federal case when the drugs from the August 24, 1992[,] arrest became part of [his] relevant conduct in [his] federal case" [Doc. 28 at 1]. He further argues that the state and federal sentence "must be considered one and the same" [*Id.* at 2]. However, this Court hereby **OVERRULES** the petitioner's objections.

First, this Court notes that a prisoner can bring a claim pursuant to a section 2241 petition with regard to credit under 18 U.S.C. § 3585(b) only after first exhausting his administrative remedies. ***United States v. Goulden***, 54 F.3d 774, 2 at n.3 (4th Cir. 1995)

9

(*unpublished*) (citing **Chua Han Mow v. United States**, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985)); *see also* **United States v. Massingale**, 801 F.2d 395 (*unpublished*) (stating that a section 2241 petition is the appropriate avenue for this type of claim). On February 14, 2012, the petitioner submitted evidence of his requests for administrative remedy [Doc. 16]. Second, despite the petitioner's objections, this Court agrees with the magistrate judge's conclusion that the petitioner received proper credit under *Willis* and 18 U.S.C. § 3585.

Pursuant to section 3585, "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**." 18 U.S.C. § 3585(b)(emphasis added). The petitioner was given credit towards his federal sentence for time spent in state custody from May 27, 1994, to June 12, 1994, the day before his state sentence began. As such, the petitioner cannot receive any additional credit pursuant to section 3585 for time spent serving his state sentence before his federal sentence was imposed because that would be an impermissible double credit. Furthermore, petitioner cannot receive any additional credit pursuant to *Willis* because *Willis* does not provide for the application of prior custody credit once any other sentence commences.

Furthermore, to the extent that the petitioner argues that the Federal Bureau of Prisons did not properly give the petitioner credit for the "undischarged term of [*sic*] State sentence from Illinois [Department] of Correction [*sic*] to be run concurrent with [his]

10

Federal sentence in [the] Judgement [*sic*] and Committment [*sic*] Order in accordance with U.S.S.G. § 5G1.3(b)" [Doc. 6 at 5], this Court finds no such evidence. The "Qualified State Presentence Credits" worksheet prepared by the Federal Bureau of Prisons reflects that the petitioner's federal sentence began on April 26, 1996 [Doc. 19-1 at 24]. In addition, the projected completion date for the petitioner's federal sentence reflects a concurrent term with the undischarged state sentence [*See* Doc. 19-1 at 12, listing June 20, 2022, as the projected completion date]. As such, this Court finds no indication that the petitioner's federal sentence was not treated as running concurrently with the undischarged term of the petitioner's state sentence pursuant to U.S.S.G. § 5G1.3(b). Accordingly, this Court agrees with the magistrate judge's conclusion that the petitioner received the proper credit towards his federal sentence and **OVERRULES** the petitioner's objections.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Furthermore, the petitioner's Objections **[Doc. 26]** are **OVERRULED**. Accordingly, the respondent's Motion to Dismiss Or, in the Alternative, for Summary Judgment **[Doc. 18]** is hereby **GRANTED** and petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 1, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE